UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael Paul GRINDALL,
Defendant–Appellant.

No. 12–10291.

United States Court of Appeals,
Ninth Circuit.

---

Submitted June 18, 2013.*

Filed June 24, 2013.

Gordon Davenport, III, Assistant U.S., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Douglas Tyler Francis, Esquire, Ellinwood Francis & Plowman, Tucson, AZ, for Defendant–Appellant.

Before: TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

### MEMORANDUM **

Michael Paul Grindall appeals from the district court's judgment and challenges the 46–month sentence imposed following the revocation of probation. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Grindall contends that the district court procedurally erred by failing to adequately explain the sentence or expressly state the applicable sentencing range under U.S.S.G. § 7B1.4. We review for plain error, *see United States v. Valencia–Barragan,* 608 F.3d 1103, 1108 (9th Cir.2010), and find none. The district court discussed at length its justification for the sentence and Grindall has not shown a reasonable probability that he would have received a different sentence had the court expressly stated the applicable sentencing range. *See United States v. Dallman,* 533 F.3d 755, 762 (9th Cir.2008).

Grindall also contends that his sentence is substantively unreasonable because the district court based the sentence on statements it made when it originally imposed a sentence of probation. The district court did not abuse its discretion in imposing Grindall's sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See id.*

Finally, Grindall also contends that his sentence was disproportionate to the violation and therefore violated the Eighth Amendment. This contention lacks merit. *See United States v. Parker,* 241 F.3d 1114, 1117 (9th Cir.2001) ("Generally, as long as the sentence imposed on a defendant does not exceed statutory limits, this court will not overturn it on Eighth Amendment grounds.").

**AFFIRMED.**

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.